SACKETT (MERRITT v.). See Case No. 9,-484.

## Case No. 12,204.

SACKETT'S HARBOR BANK v. BARRY et al.

[1 Bond, 154.] [2]

Circuit Court, S. D. Ohio. Dec. Term, 1857.

COURTS — ACT OF CONGRESS — RESIDENCE OF DEFENDANT—NOMINAL OR REAL PARTY TO SUIT.

Under section 9 of the act of congress of February 10, 1855 [10 Stat. 606], "to divide the state

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

of Ohio into two judicial districts," which provides "that suits, not of a local nature, shall be brought in the court of the district where the defendant resides; but if there be more than one defendant, and they reside in different districts, the plaintiff may sue in either:' *Held,* that a defendant is one who is a real, and not merely a nominal party to the suit, and who has either directly or indirectly an interest adverse to the claim of the plaintiff, and may be in some way affected by the judgment or decree to be entered.

In equity.

H. Stanbery and Corwine & Hayes, for complainants.

Tilden & Curwen, for defendants.

OPINION OF THE COURT. This is a bill in chancery prosecuted in the names of the Sackett's Harbor Bank, a banking institution located at Buffalo, in the state of New York, and Jesse C. Dunn and others, citizens of said state, against Ebenezer F. Osborn and several other persons averred to be citizens of the state of Ohio. The complainants allege that they are stockholders in the Union Bank of Sandusky city, and sue in that character. They charge, in their bill, that a part of the defendants were directors and officers of said Union Bank; and that, in violation of their duty as such, and in fraud of the rights of the stockholders, at a time when the bank was profitably engaged in its business, they assigned all its effects in payment of its debts; thereby putting an end to the practical exercise of its franchises and functions as a bank, and greatly lessening the value of its stock. The prayer of the bill is 'for an account, and for a decree for the effects of the bank, so far as there are any; and also for damages and compensation for the wrongful assignment.

The defendants, Osborn, Freeland T. Barry. Sadler, Hubbard, Witherell, Johnson, and Bill, have filed a plea to the jurisdiction of this court, averring: (1) That Theodore Torrey, named as a defendant in the bill, was a citizen of Missouri, at the commencement of this suit, and still resides there; and that process has not been served on him. (2) That the said Osborn, Barry, and the other defendants above named, are citizens of the state of Ohio, and residents of the Northern district of said state, within which district they were severally served with process in this case. (3) That the only parties, defendants in this suit, who are residents and citizens of the Southern district of Ohio, are Ezekiel S. Haines, administrator of E. H. Haines, Samuel Marfield, and W. W. Bierce. who are stockholders in said Union Bank of Sandusky, and have no interest in the subject-matter of this suit, except as such stockholders; that their interests are identical with those of the complainants, and that this suit is brought for their benefit as well as for the complainants; and that no relief is sought from the said last-named defendants, who are merely colorable parties to this suit,

and made defendants for the purpose of giving jurisdiction to this court.

A general demurrer has been filed to this plea; and, on this demurrer, the only question requiring the consideration of the court is, whether, upon the case, as presented, this court has jurisdiction. In the decision of this question, the court will not regard with nice scrutiny the mode of its presentation. Mere technical exceptions to the manner in which the facts are pleaded will not avail, when it appears the court can not rightfully exercise jurisdiction in the case. This being ascertained, it is the plain duty of the court at once to dismiss the bill.

The demurrer admits the facts set forth in the plea. These facts, as applicable to the question under consideration, are that the three defendants above named, as residents and citizens of the Southern district of Ohio, are sued as stockholders in the Union Bank of Sandusky, and have precisely the same, and a common interest, with the complainants.

In the argument of the demurrer, several authorities were cited, applicable to the general question of the jurisdiction of the courts of the United States, in relation to the proper parties to give jurisdiction to those courts. No case was referred to involving the precise question now before the court. Its decision depends on the construction to be given to section 9 of the act of congress of February 10, 1855, "to divide the state of Ohio into two judicial districts." This section provides "that suits not of a local nature shall be brought in the court of the district where the defendant resides: but if there be more than one defendant, and they reside in different districts, the plaintiffs may sue in either."

It is insisted by the complainant's counsel, that this provision gives them the option of suing in either district, as a part of those named as defendants reside in the Southern district; and this presents the question who is a defendant within the meaning of the section of the statute before quoted? Having reference to the organization of the federal courts, and the grounds on which jurisdiction is conferred, so far as relates to the parties to a suit, there would seem to be no difficulty in finding an answer to the question. A defendant is one who is a real and not merely a nominal party to the suit, and who has, either directly or indirectly, an interest adverse to the claim of the plaintiff, and may be in some way affected by the judgment or decree to be entered.

Applying this test, it is clear the three defendants residing in the Southern district are not necessary or proper parties. The suit is brought by stockholders in the Union Bank of Sandusky, charging malfeasance and fraud in the directors and officers of that institution, and seeking, among other things, to make them individually liable for the injury alleged to have been sustained by the stockholders by their wrongful acts. There is no allegation that the stockholders residing in this district, or, indeed, any of the stockholders, have had any participation in these acts. Nothing is averred against them; nor does the bill ask for any decree against them; and it is beyond all controversy that their interests are identical with those of the complainants, and that upon a hearing on the merits, the bill, as to them, would be dismissed.

The conclusion, therefore, is obvious and irresistible, that the three persons residing in the Southern district are made parties in this suit for the mere purpose of conferring jurisdiction on this court.

I have no hesitancy, therefore, in deciding that the demurrer to the plea must be overruled. It would be little less than an act of usurpation in this court to exercise the jurisdiction claimed for it in this case; and the complainants must, therefore, be remitted to the court for the Northern district for the assertion of their rights. This will be attended with no injury to them, while it will greatly promote the convenience of the real defendants, by enabling them to contest the claim of the complainants in the district in which they reside, and in the vicinity of the place where the transactions in controversy have occurred.

The demurrer to the plea to the jurisdiction of the court is overruled.