14578

STATE EX REL. DANIEL, ATTY. GEN., *ET AL.* v. TEXTILE HALL CORP.

CITY OF GREENVILLE v. SAME

(194 S. E., 66)

*Messrs. J. D. Langford* and *Wilton H. Earle,* for appellants, cite:

*Mr. W. G. Sirrine,* for respondent, cites:

December 3, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The plaintiffs brought their actions in the Court of Common Pleas for Greenville County for the avowed purpose of collecting taxes alleged to be due the State and city, respectively. Demurrers were interposed to the complaints, and were heard together by Judge Bellinger, whose order determined both cases. Appeals from that order were heard together, and this opinion will determine both appeals.

The amended and supplemental complaint of the State sets forth that: The State of South Carolina has an interest in the subject-matter of this suit, and has consented through the Attorney General of the State that it be made a part plaintiff thereto; that Greenville County is a body politic and can sue and be sued; that the defendant owns, maintains, and operates a valuable piece of real estate in the City of Greenville, which is used by it for profit by letting it to exhibitors for gain and hire; that the defendant is indebted to the plaintiffs for taxes for the years 1924 to 1931, inclusive, in the aggregate sum of $9,065.00; that plaintiffs have a lien on said property first in priority for State and county taxes for the years above mentioned; that demand has been made for payment, and refused. The supplemental complaint alleged that since the commencement of the action

other State and county taxes have become due and are unpaid in the aggregate sum of $3,002.67.

The complaint of the City of Greenville sets forth the corporate municipal capacity of the city and its statutory authority to sue and be sued; then it alleges the defendant's ownership and use for profit of the real property described in Paragraph II; then follows the allegation that the defendant is indebted to the city in the sum of $4,172.55 for taxes for the years 1930 to 1936, inclusive; that the plaintiff has a lien for said taxes junior only to the lien for State and county taxes.

The defendant demurred to the amended and supplemental complaint on the following grounds:

1. The Court has no jurisdiction; the allegations do not constitute a cause of action against the defendant, nor in favor of plaintiffs. Neither of the plaintiffs is authorized to bring an action on the facts alleged, but are confined to the statutory method of collecting taxes.

2. The Attorney General has no legal capacity to sue; he is not authorized to bring an action for the collection of county taxes, nor to give permission to sue in the State's name.

3. Greenville County has no legal capacity to sue; the General Assembly has not delegated to it the power to sue for the collection of taxes. There is a statutory method for collecting (see pages 67, 68) delinquent taxes given the county and it is exclusive.

4. The complaint does not state facts sufficient to constitute a cause of action, even if the facts alleged were true. The defendant is exempt from taxation.

5. There is another action pending between the same parties; that a temporary restraining order was issued thereon which has never been vacated or annulled.

The defendant demurred to the complaint of the City of Greenville on the grounds that:

I. The Court has no jurisdicton of the subject-matter; the law does not permit an action of this kind to be brought;

the statutory law has provided the method for the collection of taxes, and the remedy is exclusive.

II. The plaintiff has no legal capacity to sue for unpaid or arrears of taxes in the absence of legislative authority; there is no such authorty.

III. The complaint does not state facts sufficient to constitute a cause of action; there is no debt, no tort, no breach of contract or obligation by defendant in connection with which plaintiff has any primary right. Defendant is exempt from taxation.

Argument on the demurrers was heard by Judge Bellinger. During the argument Mr. Sirrine, attorney for defendant, orally called to the attention of the Court the Act of the Legislature approved May 27, 1936, 39 Stat., 1666, which purports to exempt Textile Hall Corporation from all taxation. Appellant's counsel objected on the ground that the defense of the statute should be made by answer, otherwise it was not properly before the Court. Judge Bellinger ruled that the Court could take judicial notice of all statutes and that this Act was properly before the Court for consideration.

In due time Judge Bellinger filed his order relating to the demurrers in the two actions. The one decision is conclusive of both actions.

The learned Judge did not discuss all the grounds raised by the demurrers, but confined his consderation to the legal capacity of the Attarney General, the County of Greenville, and the City of Greenville to maintain the actions; whether the complaint states facts sufficient to constitute a cause of action; and whether a tax is a debt capable of sustaining a civil action for its recovery.

It appears to us that the cardinal and controlling question is whether the complaints state facts sufficient to constitute causes of acton.

Each complaint is brought to enforce the collection of taxes alleged to be due, and in arrears, to the State and the

County of Greenville and to the City of Greenville, respectively.

A tax of the nature of that involved in these actions is that impost levied upon the person, the property—real, personal, and intangible—of the citizen for the support, maintenance, and defense of the government of the State and its institutions, and of the subsidiary bodies politic. This impost, or tax, is taken from the citizen without his consent, except in so far as he concedes that it is an obligation of citizenship that he contribute to the support and defense of the government. Since this tax is levied upon him in this arbitrary way, his rights in the premises are protected by constitutional and statutory provisions, which look to the uniformity of taxation.

"All taxes upon property, real and personal, shall be laid upon the actual value of the property taxed, and the same shall be ascertained by an assessment made for the purpose of laying such tax." Article 3, § 29, Const.

"The General Assembly shall provide for the assessment of all property for taxation; and State, county, township, school, municipal and all other taxes shall be levied on the same assessment, which shall be that made for State taxes." Article 10, § 13, Const.

"The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe regulations to secure a just valuation for taxation of all property, real, personal and possessory." Article 10, § 1, Const.

The General Assembly, pursuant to the mandate of the Constitution thereabout, has made provision and direction for the return for taxation, the valuation and assessment of all property, real and personal, liable to taxation, and has declared that: "All taxes, assessments and penalties legally assessed shall be considered and held as a debt payable to the State by a party against whom the same shall be charged; and such taxes, assessments and penalties shall be a first

lien in all cases whatsoever upon the property taxed." Section 2569, Vol. 2, Code 1932.

It is patent that in order that the tax be a debt due the State and that the State have a first lien on the property taxed, the tax must have been legally assessed.

In the case of *State v. Cheraw & D. Railroad Company*, 54 S. C., 564, 32 S. E., 691, 694, the Supreme Court distinctly and finally decided this question. The Court said: "As we analyze the case, the crucial question is whether a. legal liability to pay an ad valorem tax arises from an act of the legislature imposing or authorizing a tax levy on all taxable property and the mere possession or ownership of taxable property, or is an assessment of such property for taxation by proper officers an essential prerequisite? In our opinion, an assessment or valuation of property for taxation is essential to constitute a legal liability to pay taxes.

The Court then proceeds to quote the constitutional and statutory provisions which we have cited, from which it deduces the conclusions:

"It is thus clear than an official valuation for taxation is essential to constitute a tax, which must not only be certain in amount, but must be justly apportioned. * * *

"So, then, it appears that not only is an assessment indispenstble to an ad valorem tax, but it is necessary to an assessment that it be done by the proper officers in the manner provided by law. * * *

"In a complaint for such taxes it is essential to allege that the property upon which such taxes are claimed was, by the proper officers, assessed for taxation; since, as we have shown, assessment for taxation is one of the basal facts upon which must rest the legal liability to pay the tax. * * *

"Construing the Act as one authorizing a suit for past-due taxes, there is no doubt the Circuit Court has jurisdiction. The complaint, however, is demurrable on the ground that it fails to state facts sufficient to constitute a cause of action, in that it fails to state that defendant's prop-

erty was assessed for taxation in the years for which said taxes are claimed."

That same fatal defect of pleading renders the complaints in the two cases before us amenable to the demurrer that they did not state facts sufficient to constitute a cause of action.

As to the question of the Attorney General's authority to maintain this action, the trial Judge said: "The Treasurer of Greenville County is, under the law, charged with the duty of collecting the taxes due the State, County, township and schools when the same have been assessed in accordance with the law. When taxes become delinquent, the County Treasurer is required to issue a tax execution in the name of the State against the delinquent taxpayer, directed to the Tax Collector of Greenville County, requiring him to levy by distress and sale of the property of the delinquent taxpayer a sufficient sum to pay the taxes and penalties due and owing by delinquent. Sections 2853 and 2876, Code of Laws, 1932. * * * Thus, by virtue of the statutes, the County Treasurer is made the 'fiscal authority,' as contemplated by the Constitution, to make collections of the taxes due the State, County, Township or Schools, and he alone would have the legal capacity to sue for such taxes."

The Circuit Judge holds, therefore, that the Attorney General and Greenville County have not the legal capacity to sue and the demurrer to the action brought by them against Textile Hall Corporation is sustained.

In the case of *City of Greenville v. Textile Hall Corporation,* the complaint does not show that there is any fiscal authority appointed by ordinance of the city for the purpose of collecting the taxes due the city, and the statutes of the State do not appoint any such municipal officers. It would seem, then, that the city has the right to sue for taxes past due it, and unpaid. Section 2569, Code of Laws 1932, provides that: "All taxes, assessments and penalties legally assessed shall be considered and held as a debt

payable to the State by a party against whom the same shall be charged." The city is an integral part of the State, and in proper proceedings has a right to sue for the collection of taxes.

The demurrer on this ground is without merit, but this action may not be maintained because the complaint fails to state that the taxes sought to be collected by the action were legally assessed.

As has been heretofore said, when argument was heard on the demurrers, the counsel for Textile Hall Corporation brought orally to the attention of the presiding Judge the Act of the General Assembly which purports to exempt Textile Hall Corporation from taxation. Counsel for appellants objected, but the presiding Judge ruled that the Court takes judicial notice of all Acts, and the Act was before him for consideration; and counsel for appellants argued the unconstitutionality of the act. However, the presiding Judge did not pass upon the constitutionality of the Act, nor whether the defendant was exempt from taxation. That question is not before us, nor do we express any opinion thereabout.

We concur in sustaining the conclusions of the presiding Judge that the complaints are fatally defective for that they do not allege that the taxes sought to be collected were legally assessed; and his conclusion that the Attorney General and Greenville County cannot maintain the action they have brought, and that the City of Greenville may, in some instances, bring an action for the collection of past-due taxes, but that for the reasons stated, the city cannot maintain this action.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.