21853

SOUTH CAROLINA TAX COMMISSION, Respondent, v. SOUTH CAROLINA TAX BOARD OF REVIEW, Guignard Land Company, Incorporated, and Merry Companies, Incorporated, Appellants.
(299 S. E. (2d) 489)

*Claude M. Scarborough, Jr., Stephen G. Morrison* and *Rhett P. Dove, III,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Jackson E. Fields, Jr.,* Columbia, *for respondent.*

January 11, 1983.

HARWELL, Justice:

Appellants allege that the circuit court erred by holding that respondent correctly assessed *ad valorem* taxes on appellant Guignard's personal property in accordance with the formula in South Carolina Code Ann. § 12-37-930 (1976).

After reviewing the record, we conclude that the February 4, 1980 order of Judge Ralph King Anderson properly sets forth and disposes of all issues submitted to this Court. Let his order be reprinted herewith as our directive.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.

## ORDER OF JUDGE ANDERSON

The South Carolina Tax Commission instituted this action under the Administrative Procedures Act, § 1-23-310, et seq. It seeks an Order to vacate or set aside a finding or decision of the South Carolina Tax Board of Review. The matter was heard on Thursday, January 10, 1980 in a regular term of court for non-jury matters.

Guignard Land Co., Inc. is the owner of certain property that is leased to Merry Companies, Inc. for five years. Payments under the lease are $30,000 per month and Merry has the option at the end of the five-year period to purchase the property for an additional $1,000,000.

The Tax Commission, following the provisions of § 12-37-930, found the fair market value of the property here in issue, machinery and equipment, to be $2,566,742. This valuation results by subtracting the annual allowance for obsolescence and depreciation provided by the statute from the property's original cost of $3,288,073. Guignard, through and by Merry, excepts to that value contending the same to be

either $1,500,000 or $1,229,230. The Tax Board of Review agreed and found the value to be $1,229,230.

The Board found that the $2,800,000 was the term sales price of the property. A discount factor for interest was applied thereto that resulted in an alleged sales price of a little over $2,000,000. From that was subtracted the agreed value of the land of $350,000 and the alleged value of other property not here involved. This calculation resulted in the purported valuation of $1,229,230.

The Commission's position is that the method provided by § 12-37-930 is controlling and that the Board exceeded its authority by departing therefrom. The Commission further contends, notwithstanding the above, that the companies have failed to satisfy the burden necessary to establish that the statutory method overvalued the property.

By way of stipulation the questions were presented as follows:

(1) Whether Article III, Section 29 of the South Carolina Constitution mandating that taxes upon property (real and personal) "shall be laid upon actual value of the property taxes" is violated as to taxpayer if the fair market value formula of South Carolina Code Ann. § 12-37-930 (1976) for assessing the value of manufacturing equipment ("determined by reducing the original cost by an allowance for depreciation") exceeds what a willing-buyer and willing-seller, not acting under compulsion, would pay for the property following reasonable exposure to the market.

(b) Whether the proviso in South Carolina Code Ann. § 12-37-930 (1976) for assessing the value of manufacturing equipment mandates that the taxpayer own the equipment used in the manufacturing business in order that the equipment's fair market value be "determined by reducing the original cost by an allowance for depreciation."

The first question clearly is without the jurisdiction of the Tax Commission or the Tax Board of Review. The Commission recognized its limitation and held that the legislatively prescribed procedure controlled. The Board, in failing to agree, exceeded its authority. The substantive effect

of the Board's decision was that the method prescribed by § 12-37-930 to value the property here involved constitutionally affronts Article III, Section 29, a power beyond its jurisdiction. The rule is that:

> "An order cannot be made by an administrative body which would materially alter or add to the law. *Banks v. Batesburg Hauling Co.*, 202 S. C. 273, 24 S. E. (2d) 496." *Lee v. Michigan Millers Mut. Ins. Co.*, 250 S. C. 462, 158 S. E. (2d) 774.

It is equally settled that the Board can only act pursuant to powers granted.

> "An administrative agency has only such powers as have been conferred upon it by law and must act within the granted authority for an authorized purpose. It may not validly act in excess of its powers, nor has it any discretion as to the recognition of or obedience to a statute. The agency must obey a law found upon the statute books until in a proper proceeding its constitutionality is judicially passed upon." 2 Am. Jur. (2d), *Adm. Law*, § 188, p. 21.
>
> "The authority and powers of reviewing boards and officers must be strictly confined to the limits marked out by the statutory or constitutional provisions from which their existence is derived; and acts in excess of their jurisdiction are void." 84 C. J. S. *Taxation*, § 519, p. 995.
>
> "Particular reviewing boards or officers may make corrections in the assessment or assessment roll or tax book under the circumstances and to the extent provided by statute, but not otherwise." 84 C. J. S. *Taxation*, § 520, p. 998.
>
> "It appears, therefore, and we so hold, that the General Assembly of the State has full power and authority to prescribe the duties and powers of county auditors, county treasurers, the comptroller general, and the South Carolina tax commission." *Bank of Johnston v. Prince*, 136 S. C. 439, 134 S. E. 387.

> The General Assembly provided in § 12-37-930 the method for valuing the property and that method must be followed.

"The legislature may determine the method or manner in which different forms of property may be valued for taxation, and the method prescribed by it must be followed, unless shown to be impossible or impracticable in the particular case." 84 C.J.S. *Taxation,* § 410, p. 780.

In commenting upon the term "actual value" as found in Article III, Section 29, it was held:

"Taxes are not to be laid upon taxable property merely, nor upon its actual value, but upon its actual value as ascertained by an assessment made for the purpose of laying such tax." *State v. Cheraw, & D. R. Co.,* 54 S. C. 564, 32 S. E. 691.

As stated, the General Assembly has provided the method to ascertain the assessment or actual value and it must be further noted that Article X, Section 2 confers authority upon the General Assembly to define the classes of property subject to taxation and most importantly to define the value of such property. Section 12-37-930 is such a legislative definition. The pertinent language thereof is that the:

"* * * fair market value of manufacturers, machines and equipment used in the conduct of the manufacturing business * * * shall be determined by reducing original costs by an annual allowance for depreciation * * *"

The finding of the Board conflicts with that defined value and is void.

Notwithstanding the above, the Board's finding must be vacated because the companies have failed to satisfy the burden that the statutorily prescribed method overvalues the property. When considering the value of property by the willing-buyer, willing-seller standard, if the same were here applicable, all relevant factors must be considered. 84 C. J. S. Taxation, § 410. Here all the Board considered was the payments of $30,000 per month to be made under the lease and the $1,000,0000 option payment. No consideration was given by the Board to other material and relevant facts that appear in the record or that by reasonable inference can be drawn therefrom. The property taxes are to be paid by the lessee during the five-year term. The lessor also continues to

have the benefit of a federal tax credit that would have been lost by a sale. The lessor continues to claim a deduction for income taxes upon the property's original cost of $3,288,073. The lessee for income tax purposes can claim the monthly payments of $30,000 as a business expense deduction. These are clear relevant factors that must be considered. It is not logical to conclude that the total consideration to be paid under the lease is the sales price of the property when obviously these other factors had a material effect thereon.

The companies have the burden to overcome the presumption that the valuation is correct.

"On appeal to a reviewing board or officer, the assessor's decision as to the situs of property, its taxability, and the valuation put on it generally is presumed to be correct until the contrary appears, and the person complaining has the burden of proving his grievance." 84 C. J. S. *Taxation,* Sec. 537(a), p. 1036.

"Taxpayer contesting assessment made by the Tax Commission upon its inventory had burden of showing that valuation placed upon merchandise by Commission was incorrect." *Belk Dept. Stores v. Taylor,* 259 S. C. 174, 191 S. E. (2d) 144.

The burden is not satisfied by submitting the lease payment and the option payment as the sales price of the property. Neither is the burden satisfied by the companies' present argument that the plant was outdated, obsolete and overly costly.

The companies, however, further contend that the section is not applicable because Guignard is not a manufacturer. Such overlooks the classification of the property. Article X, Section I of the Constitution and Sec. 12-43-220 include within the class, property owned by a manufacturer or property that is leased to the manufacturer when the same is used in the conduct of the manufacturing business. There is no dispute that the property here involved is so used.

It is therefore the opinion of this Court that the finding and order of the South Carolina Tax Board of Review should be set aside and vacated.

And it is so ordered.