1125

John CLOYD, as Richland County Assessor, Appellant v. Wayne T. MA-
BRY, Richard O. Westfall, Patricia P. Lide, A. Richard Johnston, Jr.,
Henry D. Foster, Jr., Charles J. Brooks, Vivian G. Chase, and Charles
E. Carpenter, Jr., Respondents.

(367 S. E. (2d) 171)

Court of Appeals

*Asst. Co. Atty. Larry C. Smith,* of *Richland Co. Attys.
Office,* Columbia, *for appellant.*

*Charles E. Carpenter, Jr.,* and *Pearce W. Fleming,* Columbia, *for respondents.*

Heard Dec. 15, 1987.

Decided April 4, 1988.

BELL, Judge:

This is a proceeding for judicial review pursuant to the Administrative Procedures Act.[1] John Cloyd, the Richland County Assessor, appeals the decision of the circuit court affirming a final agency action of the South Carolina Tax Board of Review, which reduced the assessed valuation of land and improvements on eight residential properties in Richland County. We affirm.

The properties in question are located in a floodway. They became subject to significant restrictions on use after the County enacted a Flood Damage Prevention Ordinance in August 1981. When the eight properties were appraised for the 1982 tax year, the Assessor made no allowance for the effect the new restrictions would have on fair market value. Following receipt of their 1982 assessment notices, the owners of the properties filed written objections with the Assessor. The objections were generally to the effect that the assessments were too high because the restrictions imposed by the floodway ordinance diminished property values in the floodway. Since there were no sales of property in the floodway during 1982 to show that property values had been affected, the Assessor declined to make any adjustment on account of the ordinance.

The property owners appealed the assessments to the Richland County Board of Assessment Appeals. The County Board held a hearing, received testimony and documents into evidence, concluded that the floodway ordinance diminished the value of the properties, and reduced the assessments by 20% across the board.

The Assessor appealed this decision to the South Carolina Tax Commission, contending that there was no factual basis in the record for such a result. The Commission, after reviewing the record before the County Board, agreed that the

---

[1] Section 1-23-310 et seq., Code of Laws of South Carolina, 1976.

assessment should be reduced, but found no evidence to support a 20% reduction. It held that, in the absence of more definitive evidence, a 5% across the board reduction would approximate the capitalized expense of flood insurance on the properties. This 5% reduction applied only to the improvements and not to the land itself.

The Assessor and the landowners appealed the Commission's decision to the South Carolina Tax Board of Review. The Board of Review found that the County Board's decision was correct and reinstated the 20% reduction in the assessments. The Assessor then sought judicial review. The circuit court affirmed the 20% reduction on the ground that it was supported by substantial evidence in the record as a whole and was not affected by other error of law.

On appeal to this Court, the Assessor first asserts that the evidence does not support the finding that the floodway ordinance diminished the value of the properties in question. Admittedly there were no comparable sales data for floodway properties in 1982; but there was ample evidence before the County Board from which to draw a reasonable inference that the ordinance had a negative impact on market value of the properties. All three reviewing agencies agreed that the floodway ordinance had decreased the property values. The circuit court was of the same view. Our review of the record reveals substantial evidence to support this conclusion. We therefore dismiss this exception as without merit.

The Assessor next claims his assessment carries a presumption of correctness and cannot be set aside unless the property owners prove the actual value of the properties. He relies for this proposition on *Newberry Mills v. Dawkins,* 259 S. C. 7, 190 S. E. (2d) 503 (1972), and *South Carolina Tax Commission v. South Carolina Tax Board of Review,* 278 S. C. 556, 299 S. E. (2d) 489 (1983). As we read those cases, the rule is not as narrow as the Assessor argues. A taxpayer contesting an assessment has the burden of showing that the valuation of the taxing authority is incorrect. *South Carolina Tax Commission v. South Carolina Tax Board of Review, supra; Belk Department Stores v. Taylor,* 259 S. C. 174, 191 S. E. (2d) 144 (1972). Ordinarily, this will be done by proving the actual value of the property.

*See Newberry Mills v. Dawkins, supra.* The taxpayer may, however, show by other evidence that the assessing authority's valuation is incorrect. If he does so, the presumption of correctness is then removed and the taxpayer is entitled to appropriate relief. *See Georgia-Pacific Corp. v. State Tax Com'n,* 237 Or. 143, 390 P. (2d) 337 (1964). In the *Newberry Mills* and *Tax Commission* cases, the taxpayer failed to establish that the taxing authority's valuation was in error. In this case, the taxpayers made that showing. It was, therefore, unnecessary for them to present further proof of value.

The Assessor also challenges the 20% across the board reduction as arbitrary and without evidentiary support. For reasons beyond the control of all concerned, there were no comparable sales upon which to base an appraisal of the eight properties in question. However, there was evidence that the floodway ordinance placed substantial restrictions on the highest and best use of the properties, making them less attractive to potential purchasers. One owner testifed that the value of his property decreased 50% as a result of the restrictions. Several owners testified that unimproved lots in the floodway had been reduced in value—in one case from $25,000 down to $5,000, an 80% reduction. As the Supreme Court noted in *Newberry Mills, Inc. v. Dawkins, supra,* absolute accuracy and equality with respect to valuation are not practically obtainable. While the 20% reduction is no doubt an estimate, it is within the range established by the evidence. Given the data available, it also appears to be a reasonable estimate. The law requires no more in the circumstances of this case.

The Assessor next argues that the decision of the Tax Board of Review did not include findings of fact and conclusions of law separately stated as required by the Administrative Procedures Act. *See* Code Section 1-23-350. On the contrary, a review of the Board's decision shows it did state the specific factors it considered in reaching its decision. Findings of fact and conclusions of law need not be presented in any particular format. *Able Communications, Inc. v. South Carolina Public Service Commission,* 290 S. C. 409, 351 S. E. (2d) 151 (1986). They need only be sufficiently detailed to enable a reviewing court to determine whether fact findings are supported by evidence and

whether the law has been correctly applied. *Hill v. Jones,* 255 S. C. 219, 178 S. E. (2d) 142 (1970).

The Assessor's final exception concerns the circuit court's refusal to supplement the record with evidence of later sales of floodway property. The taking of additional evidence is a matter within the sound discretion of the circuit judge. Code Section 1-23-380(e). The judge also has discretion to exclude a valuation of property based on a date later than the date used for taxation. *See Newberry Mills, Inc. v. Dawkins, supra.* The party challenging a discretionary ruling of the court has the burden of showing a clear abuse of discretion. *Thompson v. Hammond,* 294 S. C. 95, 362 S. E. (2d) 879 (Ct. App. 1987). In this case, the record contains nothing relating to the Assessor's application to supplement the record or the court's ruling. In the absence of a proper record, we decline to review the judge's ruling. *Porter Brothers, Inc. v. Specialty Welding Co.,* 286 S. C. 39, 331 S. E. (2d) 783 (Ct. App. 1985).

For the reasons stated, the judgment is affirmed.

SHAW and CURETON, JJ., concur.

