23387

SOUTH CAROLINA TAX COMMISSION, Appellant-Respondent v. SOUTH CAROLINA TAX BOARD OF REVIEW, Collins Music Co., Inc. and Collins Novelty Co., Inc., of whom Collins Music Co., Inc. and Collins Novelty Co., Inc. are, Respondents-Appellants.

(407 S.E. (2d) 627)

Supreme Court

*Chief Deputy Atty. Gen. Joe L. Allen, Jr.* and *Deputy Atty. Gen. Ray N. Stevens,* Columbia, *for appellant-respondent.*

*Curtis W. Stodghill* and *Robert A. Dobson, III,* both of *Dobson and Dobson,* and *John W. Kittredge,* of *Wilkins, Nelson & Kittredge,* Greenville, *for respondents-appellants.*

Heard Feb. 19, 1991; Decided May 6, 1991.

Rehearing Denied Aug. 15, 1991.

TOAL, Justice:

This appeal arises out of a dispute between appellant South Carolina Tax Commission (Tax Commission) and respondents Collins Music Co., Inc. and Collins Novelty Co., Inc. (Collins) over the valuation of certain property as merchant's equipment pursuant to S.C. Code Ann. § 12-37-970.[1] If property is

---

[1] Section 12-37-970 requires the Tax Commission to assess the value of "merchants' inventories, equipment, furniture and fixtures . . ." for property taxation.

merchant's equipment, it is subject to Tax Commission Regulation 117-110,[2] which attributes a value to the property of not less than ten percent of its original cost for purposes of taxation. The issue is whether Regulation 117-110 is constitutional. The trial judge held that Regulation 117-110 was unconstitutional; we reverse.

## FACTS

Upon auditing the tax records of Collins for the years 1982-1984, the Tax Commission discovered that a number of coin operated machines belonging to Collins had not been declared as merchant's equipment even though they appeared as fully depreciated assets on Collins' tax returns. Collins disputed the Tax Commission's characterization of the property, claiming that, since the machines were in storage or discarded, they were not merchant's equipment. Collins also attacked the validity of Regulation 117-110, claiming that it unconstitutionally set the value of merchant's equipment at an amount different from fair market value in contravention of statutory and constitutional authorities.

After a hearing, the Tax Commission ruled that Regulation 117-110 was valid and that the machines were merchant's equipment and, thus, subject to Regulation 117-110. Regulation 117-110 provides in pertinent part:

> Section I. The fair market value of merchants' furniture, fixtures and equipment shall be the depreciated value as shown by the merchants' records for income tax purposes, provided however, that in no event is the original cost of the property to be reduced by more than ninety percent of the original capitalized cost.

Collins appealed to the Tax Board of Review (Board), which held that, even though the machines were merchant's equipment, Regulation 117-110 could not be enforced because it was unconstitutional. The Tax Commission then appealed the Board's invalidation of Regulation 117-110 to the circuit court pursuant to the Administrative Procedures Act, S.C. Code Ann. §§ 1-23-310—400 (1986). Collins answered and cross-claimed, alleging that the Board had erred in holding that the

---

[2] 27 S.C. Code Ann. Regs. 117-110 (1976).

property was merchant's equipment and in excluding additional evidentiary materials Collins had sought to include in the record just before the Board's hearing.

The circuit judge affirmed the Board's findings. Tax Commission appealed.

## LAW/ANALYSIS

Tax Commission argues that the circuit court and Board erred as a matter of law in ruling that Regulation 117-110 is unconstitutional. Collins relies on the orders of the Board and circuit court, which held that Regulation 117-110 was invalid on its face because it valued property in a way not permitted by S.C. Code Ann. § 12-37-930[3] (1990 Supp.) and Article III, § 29[4], Article X, § 1[5], and Article X, § 3A[6] of the South Carolina Constitution.

While § 12-37-930 and Article III, § 29, have remained unchanged, Article X, § 1, was amended in 1977. It provides, in pertinent part: "The General Assembly *may* provide for the ad valorem taxation by the state or any of its subdivisions of *all* real and personal property." (emphasis added).

In addition, Article X, § 2, was amended to state:

> "(a) The General Assembly *may define* the classes of property and *values* for property tax purposes of the classes of property . . . (c) statutes pertaining to the methods of assessment of property for ad valorem taxation not in conflict with this article shall continue in force until changed by the General Assembly." (emphasis added).

---

[3] Section 12-37-930 states:

All property shall be valued for taxation at its true value in money which in all cases shall be held to be the price which the property would bring following reasonable exposure to the market, where both the seller and the buyer are willing, are not acting under compulsion, and are reasonably well informed as to the uses and purposes for which it is adapted and for which it is capable of being used. . . . In no event should the original cost be reduced more than eighty percent.

[4] Article III, § 29 provides: "All taxes upon property, real and personal, shall be laid upon the actual value of the property taxed, as the same shall be ascertained by an assessment made for the purpose of laying such tax."

[5] Former Article X, § 1, provided in pertinent part: "The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe regulations to secure a just valuation for taxation of all property, real, personal and possessory. . . ."

[6] Former Article X, § 3A stated: "All property subject to taxation shall be taxed in proportion to its value."

Article X, § 3A, was repealed by the 1977 amendments.

According to the 1977 constitutional amendments, the legislature is empowered to define value. "Value," therefore, is not constitutionally limited to "fair market value."

While § 12-37-930 does declare that "[a]ll property shall be valued for taxation at its true value in money. . . .", it also provides an allowance for depreciation of machinery or equipment, which depreciation may not exceed eighty percent. It would be anomalous to hold that § 12-37-930's "true value" requirement be used to invalidate Regulation 117-110 when that very statute allows the same type of floor on depreciation for valuing manufacturer's equipment and inventory. Moreover, the constitutionality of that statute's twenty percent floor on depreciation for valuing manufacturer's equipment and inventory was expressly upheld in the case of *South Carolina Tax Commission v. S.C. Tax Board of Review*, 278 S.C. 556, 299 S.E. (2d) 489 (1983).

The General Assembly has empowered the Tax Commission to "make and publish all needed rules and regulations not inconsistent with the law for the orderly and methodical performance of its duties. . . ." S.C. Code Ann. § 12-3-130 (1977). The Tax Commission has a duty to assess taxes on merchant's equipment pursuant to S.C. Code Ann. § 12-37-970 (1990 Supp.).

The Tax Commission is authorized by the General Assembly to define the value of property, in this instance merchant's equipment, and to assess a tax on that property. Consequently, we conclude that the Tax Commission has not exceeded its authority by promulgating Regulation 117-110, as it is within statutory and constitutional bounds. Having found that the Tax Commission may validly adopt a methodology which values equipment or inventory by utilizing a depreciation floor, we hold that the circuit court and Board erred as a matter of law in holding Regulation 117-110 invalid and remand to the Tax Commission for valuation of the property in accordance with this ruling.

Because of our reversal of the Board on the above issue, we need not decide whether the Board has authority to invalidate a regulation. On all other issues the circuit court is affirmed pursuant to Supreme Court Rule 23. Accordingly, this matter is

Reversed in part, affirmed in part and remanded.

GREGORY, C.J., CHANDLER and FINNEY, JJ., and ALEXANDER M. SANDERS, Jr., Acting Associate Justice, concur.