## 23461

William G. BYERS, Respondent v. SOUTH CAROLINA ALCOHOLIC
BEVERAGE CONTROL COMMISSION, Appellant.

(407 S.E. (2d) 653)

Supreme Court

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen. Norman Mark Rapoport,* Columbia, *for appellant.*

*Wade S. Weatherford, III,* Gaffney, *for respondent.*

Submitted April 23, 1991; Decided Aug. 12, 1991.

Rehearing Denied Sept. 4, 1991.

TOAL, Justice:

This appeal involves a circuit court order requiring the South Carolina Alcoholic Beverage Control Commission to hear additional evidence on a previously denied application for an off-premises beer and wine permit. The Commission appeals the circuit court order and we reverse.

Applicant applied to the Commission for an off-premises beer and wine permit for his convenience store in Draytonville, South Carolina. Many of the citizens of the surrounding community protested the application and a hearing was held by the Commission to determine the merits of the application.

At the hearing, the citizens offered evidence of the store being located within one mile of a church, a school, a children's playground, and the citizens' residences. The citizens also offered evidence that there were only two sheriff's deputies available to police the 400 square miles in which the store was located and that the community was already enduring an uncontrolled amount of vandalism, littering, and drag racing on its public roads.

Following the Commission's denial of his application, Byers filed a petition to review a final decision of an administrative agency in circuit court pursuant to S.C. Code § 1-23-380(e). Byers requested that the case be remanded to the Commission for rehearing so that he could introduce evidence as to the amount of police protection in the community and the amount of vandalism, littering and drag racing in the community. Applicant asserted that he had a good reason for failing to introduce this evidence at the first hearing in that he had no notice and was totally surprised by the evidence offered by the protestants on these issues and now wished a fair opportunity to offer rebuttal evidence. The circuit court granted applicant's motion and remanded the case to the Commission to

hear additional evidence on the two issues of police support and of vandalism, littering and drag racing in the community.

## LAW/ANALYSIS

Under S.C. Code § 1-23-380 of Administrative Procedures Act, a party who has exhausted all administrative remedies available within the agency is entitled judicial review of the agency decision by filing a petition for review in circuit court. Section 1-23-380(e) provides that pursuant to the filing of such a petition, the party may also apply to the court for leave to present additional evidence and the circuit court may order that the additional evidence be taken before the agency.

In considering such an application, "the taking of additional evidence is a matter within the sound discretion of the trial judge." *Cloyd v. Mabry*, 295 S.C. 86, 90, 367 S.E. (2d) 171, 173 (1988). As we have previously stated, "an abuse of discretion arises in cases in which: (1) the judge issuing the order was controlled by some error of law; or (2) where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support." *Boland v. S.C. Public Service Authority*, 281 S.C. 293, 295, 315 S.E. (2d) 143, 145 (1984). Hence, in the case at bar, the proper standard for our review is whether the circuit judge committed an error of law in remanding the case to the Commission to hear additional evidence.

In ruling on an application under subsection (3), the Circuit Court should have considered two factors: the materiality of the additional evidence and the existence of a good reason for the failure to introduce such evidence at the original hearing. S.C. Code § 1-23-380(e). We find that any additional evidence which the petitioner seeks to offer here would not be material to the Commission's determination. Further, we hold that the trial judge was controlled by an error of law in making his determination on the materiality of the additional evidence.

The trial judge relied upon the case of *Port Oil Co., Inc. v. Allen*, 286 S.C. 286, 332 S.E. (2d) 787 (Ct. App. 1985), which we now find to be overruled by the 1986 legislative amendments to S.C. Code § 61-9-320 which deals with qualifications for permits authorizing the sale of beer or wine. In *Port Oil*, the Court of Appeals held that the fact that

the location is close to churches, schools or residences was not, standing alone, sufficient grounds for denying the permit. However, in its next session following the issuance of the *Port Oil* opinion, the legislature responded to the Court of Appeals' interpretation of the statute by amending the language of the statute.

The statute, as amended, explicitly provides that "proximity to residences, schools, playgrounds, and churches" is a proper factor on which the Commission may base its determination of the suitability of the location. Prior to amendment, the statute merely provided that the Commission should consider whether the location was proper. With its amendment, the legislature has now explained when a location should be deemed proper and suitable.

In light of the legislature's action in making this change, we find that *Port Oil* is no longer in accordance with the currently expressed legislative intent nor with the statute as amended, and as such, it is hereby overruled. For these reasons, we now state that proximity of a location to a church, school or residence is a proper ground, by itself, on which the Commission may find the location to be unsuitable and deny a permit for the sale of beer or wine at that location.

In accordance with the law as stated above herein, the Commission could properly have denied petitioner's application based solely on the location's proximity to the church, school and residences. Hence, any consideration of such factors as drag racing occurring in the area were not necessary and are immaterial. Since such factors are not necessary and material to the Commission's determination, there would be no benefit to allowing further evidence to be presented on these factors. Further, since we have found that the further evidence is lacking in materiality, we need not consider the issue of whether the petitioner had a good reason for failing to present such evidence at his first hearing. For the reasons stated above, the judgment of the trial court is hereby

Reversed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.