THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Peter  G.
 Oliver, Appellant,
 
 
 
 

v.

 
 
 
 
 Lexington County
 Assessor, Respondent.
 
 
 
 
 

Administrative Law Court
 Marvin F. Kittrell, Administrative Law
Court Judge

Unpublished Opinion No. 2009-UP-587
 Heard November 18, 2009  Filed December
14, 2009    

AFFIRMED

 
 
 
 Peter G. Oliver, pro se, of Lexington, for
 Appellant.
 Jeffrey M. Anderson, of Lexington, for
 Respondent.
 
 
 

PER CURIAM: Peter Oliver, pro se, appeals from the
 Administrative Law Court's (ALC) order affirming the Lexington County Assessor's (the
 Assessor's) valuation of his property located in Lexington, South Carolina (the
 Property).  On appeal Oliver asserts the ALC erred in concluding the fair
 market value of the Property was $365,220 and that the Assessor's valuation of
 the Property prevented an equal and uniform assessment.[1]  We affirm pursuant to Rule
 220(b), SCACR, and the following authorities:
1. 
 As to whether the ALC erred in determining the value of the Property for
 taxation purposes:  S.C. Code Ann. § 12-37-930 (Supp. 2008) (stating fair
 market value is the measure for taxation purposes); Smith v. Newberry County
 Assessor, 350 S.C. 572, 577-78, 567 S.E.2d 501, 504 (Ct. App. 2002)
 (explaining this court must affirm an administrative agency's decision if the
 decision is supported by substantial evidence); Cloyd v. Mabry, 295 S.C.
 86, 88, 367 S.E.2d 171, 173 (Ct. App. 1988) (explaining a taxpayer
 contesting an assessment has the burden of showing that the valuation of the
 taxing authority is incorrect).  
2.  As to whether the ALC erred in concluding the Assessor's reassessment
 was equal and uniform: S.C. Constitution,
 art. X, Sec. 1 (requiring that the "assessment of all property [] be equal
 and uniform in . . . certain . . .  classifications."); Sunday Lake
 Iron Co. v. Wakefield Twp., 247 U.S. 350, 353 (1918) (explaining the
 complaining party has the burden of proving an intentional and systematic
 undervaluation); Reliance Ins. Co. v. Smith, 327 S.C. 528, 537, 489
 S.E.2d 674, 679 (Ct. App. 1997) (stating  absolute accuracy with respect
 to valuation and complete equality and uniformity are not practically
 attainable); Id. at 537-38, 489 S.E.2d at 679  (finding one property's undervaluation
 does not render the accurate valuation of another property constitutionally
 defective where that property was assessed at its actual value).  
AFFIRMED.
SHORT, THOMAS,
 and KONDUROS, JJ., concur. 

[1] This court need not address Appellant's remaining
 arguments, as they are manifestly without merit. See Rule 220(b)(2), SCACR (stating that a
 point that is manifestly without merit need not be addressed).