**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Richland County Assessor, Respondent,

v.

James M. Hull, d/b/a Hull Storey Gibson Companies, LLC, Appellant.

Appellate Case No. 2013-001683

---

Appeal from the Administrative Law Court
The Honorable Shirley C. Robinson, Administrative Law Judge

---

Memorandum Opinion No. 2014-MO-018
Heard May 6, 2014 – Filed June 18, 2014

---

**AFFIRMED**

---

Timothy E. Madden, of Nelson Mullins Riley & Scarborough, LLP, of Greenville, and Matthew W. Matson, of Augusta, GA, for Appellant.

John M.S. Hoefer, of Willoughby & Hoefer, PA, of Columbia, and Malane S. Pike, of White Rock, for Respondent.

---

**PER CURIAM:** The appellant challenges an administrative law court's (ALC) order finding the respondent correctly valued the appellant's land for property tax purposes. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Determination of property values: S.C. Code Ann. § 1-23-610(B) (Supp. 2013) ("The Court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); S.C. Code Ann. § 12-37-930 (2014) ("All property must be valued for taxation at its true value in money which in all cases is the price which the property would bring following reasonable exposure to the market, where both the seller and the buyer are willing, are not acting under compulsion, and are reasonably well informed of the uses and purposes for which it is adapted and for which it is capable of being used."); *Centex Int'l v. S.C. Dep't of Revenue*, 406 S.C. 132, 139, 750 S.E.2d 65, 68 (2013) ("The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law." (quoting *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008)); *Smith v. Newberry Cnty. Assessor*, 350 S.C. 572, 579, 567 S.E.2d 501, 505 (Ct. App. 2002) ("While the purchase price of the property is some evidence of the fair market value, it is not conclusive.").

2. Burden of Proof: *Reliance Ins. Co. v. Smith*, 327 S.C. 528, 534, 489 S.E.2d 674, 677 (Ct. App. 1997) ("[A]lthough a case involving a property tax assessment reaches the [ALC] in the posture of an appeal, the [ALC] is not sitting in an appellate capacity and is not restricted to a review of the decision below. Instead, the proceeding before the [ALC] is in the nature of a de novo hearing. Thus, the Assessor is required to prove the correctness of the valuation he is seeking; the Assessor is not required . . . to prove the incorrectness of the Board's decision." (citation omitted)); *Cloyd v. Mabry*, 295 S.C. 86, 88–89, 367 S.E.2d 171, 173 (Ct. App. 1988) (holding that a taxpayer only must present evidence that an assessor's valuation is incorrect and specifically stating: "A taxpayer contesting an assessment [only] has the burden of showing that the valuation of the taxing authority is incorrect. Ordinarily, this will be done by proving the actual value of the property. The taxpayer may, however, show by other evidence that the assessing authority's valuation is incorrect. If he does so, the presumption of correctness is then removed and the taxpayer is entitled to appropriate relief." (citations omitted)).

3. Constitutionality of Sections 12-37-3140 and 12-37-3150 of the South Carolina Code (2014): S.C. Const. art. X, § 1 ("The General Assembly may provide for the ad valorem taxation by the State or any of its subdivisions of all real and personal property. The assessment of all property shall be equal and uniform in the following classifications . . . ."); S.C. Const. art. X, § 2 ("The General Assembly may define the classes of property and values for property tax purposes of the classes of property set forth in Section 1 of this article and establish administrative procedures for property owners to qualify for a particular classification."); *Beaufort Cnty. v. State*, 353 S.C. 240, 244 577 S.E.2d 457, 459–60 (2003) (holding the General Assembly may define subclasses of property and Article X, Section 1 only "requires each category of property enumerated retain the same assessment ratio as other property within its class" and "[t]he methodology to determine the **value** of the property remains a matter for the General Assembly.").

**AFFIRMED.**

**PLEICONES, Acting Chief Justice, KITTREDGE, HEARN, JJ., and Acting Justices James E. Moore and Eugene C. Griffith, Jr., concur.**