**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Tilbros, Inc., Respondent,

v.

Cherokee County Assessor's Office, Appellant.

Appellate Case No. 2013-002550

---

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

---

Unpublished Opinion No. 2015-UP-325
Submitted March 1, 2015 – Filed July 1, 2015

---

**AFFIRMED**

---

William G. Rhoden, of Winter & Rhoden, LLC, and Joseph L.V. Johnson, of Saint-Amand, Thompson & Mathis, LLC, both of Gaffney, for Appellant.

Morris Arthur Ellison and William Thomas Dawson, III, both of Womble Carlyle Sandridge & Rice, LLP, of Charleston, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-610(B) (Supp. 2014) (providing this court may

reverse a decision of the administrative law court (ALC) if the substantive rights of the appellant have been prejudiced because the decision was affected by an error of law, clearly erroneous in view of the evidence on the record, or characterized by an abuse of discretion); *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 9-10, 698 S.E.2d 612, 617 (2010) ("In determining whether the AL[C]'s decision was supported by substantial evidence, this [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); S.C. Code Ann. § 12-37-930 (2014) ("All property must be valued for taxation at its true value in money which in all cases is the price which the property would bring following reasonable exposure to the market, where both the seller and the buyer are willing, are not acting under compulsion, and are reasonably well informed of the uses and purposes for which it is adapted and for which it is capable of being used."); *Smith v. Newberry Cnty. Assessor*, 350 S.C. 572, 579, 567 S.E.2d 501, 505 (Ct. App. 2002) ("While the purchase price of the property is some evidence of the fair market value, it is not conclusive."); *Cloyd v. Mabry*, 295 S.C. 86, 88, 367 S.E.2d 171, 173 (Ct. App. 1988) ("A taxpayer contesting an assessment has the burden of showing that the valuation of the taxing authority is incorrect. Ordinarily, this will be done by proving the actual value of the property. The taxpayer may, however, show by other evidence that the assessing authority's valuation is incorrect. If he does so, the presumption of correctness is then removed and the taxpayer is entitled to appropriate relief." (citations omitted)).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.