**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Connery Properties, Inc., Respondent,

v.

Charleston County Assessor, Appellant.

Appellate Case No. 2014-000700

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Unpublished Opinion No. 2015-UP-390
Submitted May 1, 2015 – Filed July 29, 2015

**AFFIRMED**

County Attorney Joseph Dawson, III, Deputy County Attorney Bernard E. Ferrara, Jr., Assistant County Attorney Austin Adams Bruner, Assistant County Attorney Bradley Allen Mitchell, and Assistant County Attorney Johanna Serrano Gardner, all of the Charleston County Attorney's Office, of North Charleston, for Appellant.

Kerry W. Koon, of Charleston, for Respondent.

**PER CURIAM:** Charleston County Assessor (the Assessor) appeals the Administrative Law Court's (ALC) determination that a property owned by Connery Properties has a fair market value of $20,000. On appeal the Assessor contends (1) the ALC erred when it concluded title defects affect a property's fair market value, and (2) the ALC valuation of the property is arbitrary and capricious. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the ALC erred when it concluded title defects affect a property's fair market value: *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 73, 716 S.E.2d 877, 880 (2011) ("Tax appeals to the ALC are subject to the Administrative Procedures Act (APA)."); *id.* at 74, 716 S.E.2d at 881 ("Accordingly, we review the decision of the ALC for errors of law."); *id.* ("Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below."); *Cloyd v. Mabry*, 295 S.C. 86, 88, 367 S.E.2d 171, 173 (Ct. App. 1988) ("A taxpayer contesting an assessment has the burden of showing that the valuation of the taxing authority is incorrect."); *id.* ("The taxpayer may . . . show by . . . evidence that the assessing authority's valuation is incorrect. If he does so, the presumption of correctness is then removed and the taxpayer is entitled to appropriate relief."); *Evins v. Richland Cnty. Historic Pres. Comm'n*, 341 S.C. 15, 21, 532 S.E.2d 876, 879 (2000) ("As a general rule, to have standing, one must generally have a personal stake in the subject matter of the lawsuit, i.e., one must be a real party in interest."); S.C. Code Ann. § 12-37-930 (2014) ("All property must be valued for taxation at its true value in money which in all cases is the price which the property would bring following reasonable exposure to the market, where both the seller and the buyer are willing, are not acting under compulsion, and are reasonably well informed of the uses and purposes for which it is adapted and for which it is capable of being used."); *Lindsey v. S.C. Tax Comm'n*, 302 S.C. 504, 507, 397 S.E.2d 95, 97 (1990) ("Fair market value is the measure of value for taxation purposes under this statute."); S.C. Code Ann. § 12-51-160 (2014) ("In all cases of tax sale the deed of conveyance, whether executed to a private person, a corporation, or a forfeited land commission, is prima facie evidence of a good title in the holder, that all proceedings have been regular and that all legal requirements have been complied with."); *LaCount v. General Asbestos & Rubber Co.*, 184 S.C. 232, 240, 192 S.E.2d 262, 266 (1937) ("Prima facie evidence is evidence sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." (internal quotations marks omitted)); § 12-51-160 (stating an action to recover property sold at a tax sale must be brought within two years from the date of the sale); *Fed. Fin. Co. v. Hartley*, 380 S.C. 65, 68, 668 S.E.2d 410, 412 (2008) ("Once two years have passed after the

sale, the sale is not a cloud on the property's title."); *Reeping v. JEBBCO, LLC*, 402 S.C. 195, 202, 740 S.E.2d 504, 507 (Ct. App. 2013) (stating the two-year statute of limitation does not apply if the action is based on the tax office's failure to give proper notice, because lack of proper notice renders the tax sale void); *Gibbs v. G.K.H., Inc.*, 311 S.C. 103, 105, 427 S.E.2d 701, 702 (Ct. App. 1993) ("To be marketable, a title need not be flawless.  Rather, a marketable title is one free from encumbrances and any reasonable doubt to its validity.  It is a title which a reasonable purchaser, well-informed as to the facts and their legal significance, is ready and willing to accept.").

2.  As to whether the ALC erred in concluding the fair market value of the property at issue was $20,000: *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008) ("The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *id.* ("The ALC judge's order should be affirmed if supported by substantial evidence in the record."); *Olson v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008) ("Thus, this court can reverse the ALC if the findings are affected by error of law, are not supported by substantial evidence, or are characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *id.* ("The ALC's findings are supported by substantial evidence if, looking at the record as a whole, there is evidence from which reasonable minds could reach the same conclusion the administrative agency reached."); *id.* ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence."); *Seaboard Coast Line R.R. v. Harrelson*, 262 S.C. 43, 46, 202 S.E.2d 4, 5 (1974) ("Ours is in accord with the general rule that a landowner, who is familiar with his property and its value, is allowed to give his estimate as to the value of the land and damages thereto, even though he is not an expert."); *Smith v. Newberry Cnty. Assessor*, 350 S.C. 572, 579, 567 S.E.2d 501, 505 (Ct. App. 2002) (stating when two experts prepare different valuations of the same property, it creates a range, and substantial evidence contained in the record supported the ALC's adjustment of the value of a property when it fell within the range of values presented by the experts).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**