**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brett Gries, Appellant,

v.

Aiken County Assessor, Respondent.

Appellate Case No. 2015-002637

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2018-UP-207
Submitted April 1, 2018 – Filed May 9, 2018

**AFFIRMED**

Brett Gries, of Aiken, pro se.

James M. Holly, of Aiken, for Respondent.

**PER CURIAM:** This is an appeal of an order issued in a contested case proceeding. Brett Gries argues the Administrative Law Court (ALC) erred in affirming a decision of the Aiken County Board of Assessment Appeals upholding a final fair market valuation established by the Aiken County Assessor (Assessor) concerning residential real property in Aiken County (subject property). Gries argues the valuation was incorrect because (1) the appraiser who assessed the property committed perjury during the hearing before the ALC; (2) the appraiser

failed to follow uniform standard of professional appraisal practice when he valued the subject property; and (3) the appraiser improperly included the value of improvements to the valuation of the subject property.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Issues 1 and 2: S.C. Code Ann. § 1-23-610(B) (Supp. 2017) (stating the court of appeals "may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact"); *Trident Med. Ctr., LLC v. S.C. Dep't of Health & Envtl. Control*, 412 S.C. 341, 348, 772 S.E.2d 177, 181 (Ct. App. 2015) ("[T]his court may not substitute its judgment for the judgment of the ALC as to the weight of the evidence on questions of fact."); *S.C. Tax Comm'n v. S.C. Tax Bd. of Review*, 278 S.C. 556, 562, 299 S.E.2d 489, 492-93 (1983) (stating that in a taxpayer's challenge to an assessor's valuation of property, the assessor's valuation is presumed to be correct and the complaining taxpayer has the burden to prove otherwise).

2.  As to Issue 3: S.C. Code Ann. § 12-37-930 (2014) ("All property must be valued for taxation at its true value in money which in all cases is the price which the property would bring following reasonable exposure to the market, where both the seller and the buyer are willing, are not acting under compulsion, and are reasonably well informed of the uses and purposes for which it is adapted and for which it is capable of being used.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.