**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Country Properties, LLC, Appellant,

v.

Nancy Dunn Martin, Respondent.

Appellate Case No. 2019-000569

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2021-UP-292
Heard February 10, 2021 – Filed August 4, 2021

**REVERSED**

John W. Wells, of Baxley Pratt & Wells, of Lugoff, and Michael Brent McDonald, of Bundy McDonald, LLC, of Summerville, both for Appellant.

Joey Randell Floyd and Chelsea Jaqueline Clark, both of Bruner Powell Wall & Mullins, LLC, of Columbia, for Respondent.

**PER CURIAM:** The underlying case is about whether Country Properties, LLC (Country) has an easement over Nancy Martin's land, but it comes to us as an appeal of an order granting a new trial. The master ruled Country possessed an easement

on three separate grounds—express grant, prescription, and by public dedication—but after the master denied Martin's motion for reconsideration, the master granted Martin's motion for a new trial based on newly discovered evidence. *See* Rule 60(b)(2), SCRCP.

The key feature of Martin's Rule 60 motion related to a dam on Country's property. The testimony at the 2016 bench trial was that the dam had been washed out and was impassable. Martin argued that driving across the dam normally allowed Country to access all of its land and that Country did not need any easement over her property.

The Rule 60 motion was based on photographs showing the dam had been repaired. The photos were taken in August 2017. This was nearly a year and a half after the bench trial, but only a few months after the master denied Martin's motion for reconsideration.

There was no evidence or testimony about when the repairs occurred. In her memorandum supporting her Rule 60 motion, Martin argued "To [her] knowledge the dam wasn't rebuilt at the time of trial."

Precedent explains that newly discovered evidence must be such that it will probably change the result of trial. *Lanier v. Lanier*, 364 S.C. 211, 217, 612 S.E.2d 456, 459 (Ct. App. 2005). As already noted, the master found an easement under multiple separate theories including easement by grant and easement by dedication. Public dedication requires an intent to dedicate property "to public use in a positive and unmistakable manner." *Boyd v. Hyatt*, 294 S.C. 360, 364, 364 S.E.2d 478, 480 (Ct. App. 1988). An easement by grant hinges on examining the words of a written instrument. *Ten Woodruff Oaks, LLC v. Point Dev., LLC*, 385 S.C. 174, 180-81, 683 S.E.2d 510, 513-14 (Ct. App. 2009). The fact that Country may be able to access its entire property without an easement over Martin's land has no bearing on these claims. Thus, the evidence cannot be material to them.

The order granting a new trial included a brief sentence stating that the evidence would have changed the case's outcome. We cannot conceive a rationale that would explain that statement, and we cannot agree with its conclusion. To do so, we would have to ignore that alternative means of access have no relation whatsoever to easement by grant or by public dedication. As we have previously observed, albeit in a different context, "whatever doesn't make any difference, doesn't matter." *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987).

There is no question alternative access would have been relevant to a claim for an easement by necessity. Here, however, the record conspicuously discloses that all parties agreed at various points in this case that easement by necessity was not an issue.

The evidence about the dam's repair was also cumulative. *See Jamison v. Ford Motor Co.*, 373 S.C. 248, 273, 644 S.E.2d 755, 768 (Ct. App. 2007) (brochure of a vehicle's feasible alternative design was cumulative to other evidence of feasible alternative design); *Lanier*, 364 S.C. at 217, 612 S.E.2d at 459 (noting newly discovered evidence cannot be "merely cumulative or impeaching"). There were repeated references at trial to the fact that the dam would periodically be damaged and repaired. The fact that the dam had been rebuilt again would of course be a new piece of evidence, but it would be the same sort of evidence the record already contains—that the dam is sometimes passable and other times in need of repair.

Martin argues the master must have deemed necessity to be relevant because the order finding the easement by various means mentions it will be difficult for Country to access portions of its property without an easement over Martin's property. Here again, we must respectfully disagree. Our standard of review is highly deferential: we review for an abuse of discretion. *Coleman v. Dunlap*, 303 S.C. 511, 513, 402 S.E.2d 181, 183 (Ct. App. 1991). Still, as noted above, the alleged newly-discovered evidence must be material to the outcome. At the hearing on the Rule 60 motion, Martin argued the new trial would involve more evidence about whether the dam was important for Country's access and that this related to an element of adverse possession. We cannot see how evidence of the dam's recent repair would be any different than the evidence offered about the dam's past damage and repair. And, as already mentioned, we cannot discern any way the dam's repair is material to at least two grounds for the master's ruling. *See, e.g.*, *Byers v. S.C. Alcoholic Beverage Control Comm'n*, 305 S.C. 243, 246, 407 S.E.2d 653, 655 (1991) (reversing an order allowing additional evidence because the evidence would not be material).

Martin sought and obtained this court's permission to seek relief under Rule 60 after she had already appealed the master's order finding Country possessed an easement. Her appeal of the easement order has remained stayed while the parties litigated the Rule 60 motion and throughout Country's appeal of the decision granting relief under Rule 60. That stay will lift, and Martin's appeal shall proceed, when this opinion reversing the grant of relief under Rule 60 becomes final.

**REVERSED.**

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**